GEORGE W. YOUNG, PLAINTIFF-RESPONDENT, v. B. & B. AUTO EXPRESS AND MESSENGER SERVICE CORPORATION, DEFENDANT-APPELLANT.

Submitted November 6, 1924—Decided May 5, 1925.

**Negligence—Motor Vehicle Collision With Horse-Drawn Vehicle —Injury to Person and Property of Driver of Horse—Question Only of Excessive Damages—Value of Horse and Other Property Destroyed, and Extent of Personal Injury and Amount of Earning Power of Driver Considered, and Judgment Ordered Reduced or New Trial.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the defendant-appellant, *Lewis Starr.*

For the plaintiff-respondent, *William C. French.*

PER CURIAM.

This case was tried at the Camden Circuit. The trial judge allowed to the defendant a rule to show cause. The case is before us under this rule. The only question presented is whether the verdict of the jury is excessive.

The testimony shows that the plaintiff, George W. Young, was, on July 28th, 1923, at six forty-five A. M., proceeding northwardly in a horse-drawn vehicle on the White Horse pike, in Camden county. He was driving his horse to the extreme right of the road. The defendant, B. & B. Auto Express and Messenger Service Corporation, was operating a Reo speed wagon in the same direction on the highway. The defendant's automobile approached Young's vehicle from the rear at a speed of, at least, twenty miles an hour. It struck the vehicle of Young, demolished it, and injured the horse so that it had to be killed. Young suffered injuries consisting, principally, if not wholly, of a broken leg between the knee and the ankle. The fibula, the larger bone, was fractured in one place, and the tibula, the smaller bone, in two places. Young was taken to a hospital and remained there for ten days. He was then taken to his home, and for thirteen weeks he was obliged to rest his leg upon a pillow. He then returned to the hospital for a brief period. The trial was some ten months after the accident, and he had not at that time fully recovered. Young was a farmer. He had four cows and sold the milk of these cows. He was engaged in the delivery of milk when the accident occurred. He also testified that he was a dahlia specialist. He had planted some ten thousand tuba roses. As a result of the accident his milk business was lost. He testified that this produced a revenue of from $40 to $50 a month. He received, however, only thirty-seven quarts of milk a day, which he sold for thirteen cents a quart, except that on some occasions he received twenty-five and fifty cents a quart from people journeying over the White Horse pike, upon which his home was located, to and from Atlantic City. The estimate of his losses in the milk business appear to us somewhat excessive. Young admitted that the dahlia business was uncertain, and

that it was impossible to tell what the profits would be in such a venture until the end of the season. By being unable to attend to his ten thousand tuba roses, he lost them.

Several physicians testified at the trial. Only one, however, estimated the time in which Young would be completely recovered. He placed this at three months. His medical expenses, including his hospital bill, were $111. His horse was worth $100. The wagon was worth $125. The value of the harness was $20. These were total losses. The jury returned a verdict of $20,000. Young's counsel admits that this is ample compensation. We think it much more than ample. The verdict is so large as to indicate bias, prejudice and partiality sufficient to justify a new trial, but as there was no contest as to the defendant's liability we have thought it best to reduce the amount of the verdict. A very liberal allowance for the medical expenses, property losses arising from the accident, losses, past and future, in business, would be $3,000. To this should be added damages for the pain and suffering to which the plaintiff was subjected. We think $7,500 an ample verdict. If the plaintiff will file within thirty days from the filing of this opinion his written consent to the reduction of the verdict of $7,500, the rule to show cause will be discharged, otherwise the rule will be made absolute.